RESPONDENT PRO SE
Tenneil E. Selner
South Bend, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Angie L. Ordway, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 71S00-1402-DI-96

IN THE MATTER OF:

TENNEIL E. SELNER,

*Respondent.*

Attorney Discipline Action

**July 9, 2015**

**Per Curiam.**

We find that Respondent, Tenneil Selner, engaged in attorney misconduct by unlawfully distributing pseudoephedrine. For this misconduct, we conclude that Respondent should be suspended from the practice of law in this state for at least three years without automatic reinstatement.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. The Respondent's 2006 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4. The Court approves the agreement and proposed discipline.

## Stipulated Facts

On September 12, 2012, Respondent was indicted in federal court on three counts involving the manufacture of methamphetamine. On October 4, 2013, Respondent pled guilty to one count of unlawful distribution of pseudoephedrine and the other two counts were dismissed. In her factual basis, Respondent admitted purchasing pseudoephedrine four times at different drug stores and then providing the pseudoephedrine to two other individuals, allowing those individuals to evade the identification statutes governing the purchase of pseudoephedrine. Respondent was sentenced to twenty-one months of imprisonment and two years of subsequent probation.

The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b) by committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

The parties cite no facts in aggravation. In mitigation, the parties cite Respondent's cooperation with the disciplinary process and her successful completion of a treatment program for methamphetamine addiction.

## Discussion and Discipline

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See* Matter of Newman, 958 N.E.2d 792, 800 (Ind. 2011).

Respondent's federal felony conviction, and the factual basis she provided for her guilty plea, point to her knowing assistance in the manufacture and distribution of methamphetamine. These are not merely the acts of an end user. Respondent actively engaged herself in the introduction of a controlled substance into a marketplace occupied by current and future victims of a devastating addiction. It should go without saying that such misconduct warrants severe discipline.

In the current case, Respondent and the Commission propose that Respondent receive a three-year suspension from the practice of law, without automatic reinstatement, for her admitted misconduct. Concluding that this is appropriate discipline under the circumstances, the Court approves the proposed discipline. To regain her privilege to practice law, Respondent would be required to petition this Court for reinstatement, with the burden of demonstrating by clear and convincing evidence remorse for her misconduct, a proper understanding of the standards imposed upon members of the bar, and her rehabilitation and fitness to practice law, among other things. *See* Admis. Disc. R. 23(4)(b).

## Conclusion

The Court concludes that Respondent violated the Indiana Rules of Professional Conduct by unlawfully distributing pseudoephedrine. Respondent already is under an order of interim suspension in this cause and a separate suspension order for dues nonpayment and continuing legal education noncompliance. For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than three years, without automatic reinstatement, effective from the date of this opinion. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rules 23(4) and (18).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

Rush, C.J., and Rucker, David, and Massa, JJ., concur.

Dickson, J., dissents, and would reject the Conditional Agreement, believing that the Respondent, by engaging in conduct resulting in her conviction of a serious felony, has demonstrated unfitness to responsibly represent, advise, and serve future clients.